UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------x
                                                :
LUZ RIVERA RODRIGUEZ,                           :    3:24-CV-01838 (MPS)
Plaintiff,                                      :
                                                :
v.                                              :
                                                :
COMMISSIONER OF                                 :
SOCIAL SECURITY,                                :
Defendant.                                      :    APRIL 18, 2025
                                                :
------------------------------------------------x
```

ORDER ON THE COMMISSIONER'S MOTION TO DISMISS

On November 21, 2024, the plaintiff Luz Rivera Rodriguez, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). (Doc. No. 1). On January 16, 2025, the Commissioner moved to dismiss the action, or, alternatively, for summary judgment, on the basis that the plaintiff filed this action one day too late. (Doc. No. 15). On March 6, 2025, the Court (Shea, J.) referred the case to the undersigned for all purposes. (Doc. No. 18).

Because the timeliness of the plaintiff's Complaint is unclear and because the plaintiff has alleged that she suffered from a mental impairment that could have prevented her from complying with the 60-day statute of limitations, the Court concludes that the doctrine of equitable tolling may apply. The record before the Court is incomplete. As a result, the Court will take the defendant's motion under advisement pending an evidentiary hearing to determine both the date the plaintiff filed her complaint and, if the filing was untimely, whether the plaintiff's alleged mental impairment caused her to miss the deadline.

1

**I.     BACKGROUND**

On June 21, 2021, the plaintiff filed an application for DIB based on a variety of alleged mental and physical impairments. (Doc. No. 15-2 at 8). The plaintiff's application was denied initially on November 21, 2021, and again upon reconsideration on May 17, 2022. (*Id.*). On July 5, 2023, Administrative Law Judge ("ALJ") Matthew Kuperstein held a hearing at which the plaintiff and a vocational expert testified. (*Id.*). On February 28, 2024, the ALJ issued an unfavorable decision denying the plaintiff DIB. (*Id.* at 8-22). On September 16, 2024, the Appeals Council denied the plaintiff's request for review and mailed the plaintiff a notice of its decision, thereby making the ALJ's decision the final decision of the Commissioner. (*Id.* at 3, 28).

The notice advised the plaintiff of her right to commence a civil court action within sixty days of receipt of the notice, which would be presumed to be five days after the date of the notice unless she could show that she did not receive the notice within five days. (Doc. No. 15-2 at 30); *see* 42 U.S.C. § 405(g); 20 C.F.R. § 422.10(c). Further, the notice informed the plaintiff that she could ask the Appeals Council to extend her time if she could not file a civil court action within sixty days. (Doc. No. 15-2 at 30). In an affidavit by Ari Levin, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration, submitted with the Commissioner's motion, Levin attests that he is unaware of any request for an extension of time to file a civil action as specified in the notice. (*Id.* at 4).

Because the Appeals Council mailed its letter to the plaintiff on September 16, 2024 (Doc. No. 15-2 at 3, 28), the plaintiff had until November 20, 2024 to file her complaint before the sixty-day time limit expired. Here, it appears the plaintiff did not file her Complaint until November 21, 2024. (Doc. No. 1).

On January 16, 2025, the Commissioner moved to dismiss the Complaint pursuant to § 405(g) the Act, or alternatively, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that the Complaint is untimely and that there is no basis to toll the deadline. (Doc. No. 15 at 4).

## II.  STANDARD OF REVIEW

Section 405(g) of the Act sets forth the statutory deadline for filing a civil action in federal court seeking judicial review of the Commissioner's final decision:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(g) prescribes that this remedy is exclusive. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

Pursuant to the Commissioner's regulations, the 60-day period begins when the claimant receives notice of the Appeals Council's decision, which is presumed to be five days after the date of the decision absent a "reasonable showing to the contrary." 20 C.F.R. § 422.210(c).[1] The 60-day period "is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Because the 60-day period "defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed." *Davila v. Barnhart*, 225 F. Supp. 337, 338 (S.D.N.Y. 2002); *see also Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995) ("The federal government's waiver of its sovereign immunity must

---

[1] "Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c).

3

be unequivocally expressed, and is to be strictly construed." (internal citations omitted)). This is so even when the delay is minor, and the plaintiff is *pro se*. See *Montgomery v. Comm'r of Soc. Sec.*, 403 F. Supp. 3d 331, 337 (S.D.N.Y. 2018) ("[W]hile a plaintiff's *pro se* status generally merits a degree of leniency, it does not excuse non-compliance with statutory deadlines."); *Hakala v. J.P. Morgan Secs., Inc.*, 186 F. App'x 131, 134 (2d Cir. 2006) ("[W]hile it is true, as [the plaintiff] contends, that we apply more lenient standards to *pro se* litigants, such leniency does not extend to excusing [the plaintiff's] failure timely to file his petition in this case.").

However, the doctrine of equitable tolling may excuse a plaintiff's failure to timely file her complaint. *New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990). "[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal citations and quotations omitted). The Second Circuit has held that, "[w]here a claimant avers incapacity due to mental impairment during the 60-day period, the district court should permit the claimant to present evidence in support of this claim." *Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991). Indeed, equitable tolling because of a mental impairment "seems particularly apropos in the context of Social Security disability benefit proceedings in which, as here, the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive her of the ability to understand or act upon notice of available administrative procedures." *Alamo v. Berryhill*, 3:18-cv-00210 (JCH), 2018 WL 3596751, at *3 (D. Conn. July 26, 2018) (quoting *Canales*, 936 F.2d at 758) (internal citation omitted)). Especially "given the protective nature of the social security statute, [courts] should hesitate before dismissing [the] plaintiff's claim on technical procedural grounds." *Rodriguez*, 2002 WL 31875406, at *3. Because the question of whether a person is "sufficiently mentally

4

disabled to justify tolling of a limitation period is . . . highly case-specific," the Court "may conduct an evidentiary hearing to flesh out the pertinent facts." *Id.* at *4 (quoting *Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000)).

Because the Commissioner included materials outside the pleadings in his motion, the Court treats the motion as one for summary judgment. *See Rodriguez*, 2002 WL 31875406, at *1. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins.*, 875 F.3d 107, 113-14 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When evaluating a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Finally, when, as here, a plaintiff is proceeding *pro se*, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests . . . ." *McFadden v. Noeth*, 827 F. App'x 20, 24 (2d Cir. 2020) (quoting *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010)); *see Stancuna v. New Haven Legal Assistance*, 383 F. App'x 23, 24 (2d Cir. 2010) ("[W]e nonetheless construe the submissions of a *pro se* litigant liberally and interpret them so as to raise the strongest arguments that they suggest." (internal quotations omitted)).

### III.   DISCUSSION

The Commissioner moves to dismiss the plaintiff's Complaint because the plaintiff did not comply with the 60-day filing deadline and she has failed to demonstrate either extraordinary circumstances that warrant tolling or that she diligently pursued her rights. (Doc. No. 15-1 at 4). The plaintiff asserts that she wants the Court to consider her case because of her "memory loss condition" that causes her to forget everyday things and tasks she has previously completed. (Doc. No. 17-1 at 2).

### A.     The Timeliness of the Plaintiff's Complaint

As explained above, the Appeals Council mailed the notice of its decision to the plaintiff on September 16, 2024 (Doc. No. 15-2 at 3, 28). The plaintiff is therefore presumed to have received the notice five days later, on September 21, 2024. The plaintiff has not asserted that she sought or received an extension of the 60-day deadline from the Appeals Council. (Doc. No. 1). The plaintiff therefore had until November 20, 2024 to file her complaint before the 60-day time limit expired.

Pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The Second Circuit has held that a complaint is considered "filed" when the Clerk's Office physically receives the complaint, not the date the complaint is actually filed. *See Greenwood v. New York Off. of Mental Health*, 842 F.2d 636, 639 (2d Cir. 1988); *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 78 (2d Cir. 2003). When the timing of the filing of the complaint is in question, the Court may not "examine the *pro se* files and make from them [its] own determination as to when the complaint was first received"; instead, the Court must give the plaintiff "'reasonable opportunity to present all material' pertinent to the statute of limitations issue." *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989) (quoting Fed. R. Civ. P. 12(b) ("Dismissal pursuant to either rule 12(b) or rule 56 was also inappropriate

because the record contains no indication that plaintiff ever received the opportunity to present additional evidence outside of the pleadings, bearing on the circumstances surrounding his attempts to file the complaint.")).

Here, the plaintiff handwrote the date on the Complaint and her motion to proceed *in forma pauperis* as November 20, 2024. (Doc. No. 1 at 2; Doc. No. 2 at 1). However, the Complaint and the motion to proceed *in forma pauperis* were stamped by the Clerk's Office on November 21, 2024 at 9:25 AM. (*Id.*). Further, the plaintiff handwrote the date on the form to consent to electronic notice for self-represented parties as November 21, 2024, and the Clerk's Office stamped the form on November 21, 2024 at 9:27 AM. (Doc. No. 3 at 1). All three of these documents were electronically filed by the Clerk's Office on November 21, 2024.[2]

One possible explanation for the discrepancy between the dates on the documents is that the plaintiff (either correctly or incorrectly) dated the documents as November 20, 2024, and filed her Complaint with the Clerk's Office in person on November 21, 2024. In that case, the Complaint would be untimely because the Complaint would be deemed filed on November 21, 2024, one day too late. However, construing the plaintiff's Complaint liberally and resolving ambiguities in her favor, another possible explanation is that the plaintiff utilized the after-hours drop box, located at the entrance of each courthouse in the District of Connecticut, to file her Complaint on November 20, 2024. In that case, the Complaint would be deemed filed on November 20, 2024, and the stamps dated in the morning of November 21, 2024 reflect the date and time the Clerk's Office physically retrieved and filed the forms from the drop box. *See* Fed. R. Civ. P. 77(a) ("Every district court is

---

[2] Relatedly, the Court also notes a discrepancy in the plaintiff's signatures on these forms. Although the plaintiff signed her name on the Complaint and motion to proceed *in forma pauperis* as "Luz Rivera Rodriguez," she signed her name on the consent to electronic notice for self-represented parties as "Luz Nerel." (*Compare* Doc. No at 1, *and* Doc. No. 2 at 1, *with* Doc. No. 3 at 1).

7

considered always open for filing any paper, issuing and returning process, making a motion, or entering an order.").

As a result, there is some doubt as to whether the Complaint was actually received by the Clerk's Office on November 20, 2024 or November 21, 2024. Consequently, an evidentiary hearing is necessary so that the plaintiff can present any evidence she may have on the date she filed her Complaint, which bears on the Commissioner's statute of limitations defense.

### B.     The Doctrine of Equitable Tolling

Assuming the plaintiff's Complaint is untimely, the plaintiff may nevertheless be entitled to review if she can show the doctrine of equitable tolling should apply. In his motion to dismiss, the Commissioner argues there are no circumstances in this case that warrant applying the doctrine of equitable tolling. (Doc. No. 15-1 at 4). In her response to the Commissioner's motion to dismiss, the plaintiff explains that she suffers from a memory loss condition and has been diagnosed with Alzheimer's disease, such that she forgets "simply everyday chores" and has trouble "remembering simple tasks." (Doc. No. 17-1 at 2-3).

On the current record, the Court is unable to determine based on these statements alone whether the plaintiff's mental impairment caused her delay in filing her Complaint. Memory loss is the kind of mental impairment that certainly could affect a claimant's ability to timely file their complaint. *See Alamo*, 2018 WL 3596751, at *3 (comparing organic brain disorder, warranting equitable tolling, to depression, anxiety, and other unspecified illnesses in other cases that could not justify equitable tolling); *Paniagua v. Comm'r of Soc. Sec.*, 15 Civ. 2038 (JCM), 2017 WL 699117 at *5 (S.D.N.Y. Feb. 21, 2017) (holding plaintiff's "reference to depression and anxiety [was] vague and conclusory" and did not provide "particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights"

8

(quoting *Boos*, 201 F.3d at 185)). Indeed, the plaintiff in *Canales* herself suffered from memory loss, among other impairments, leading the Second Circuit to conclude for the first time that a claimant's incapacity due to mental impairment during the 60-day period could warrant equitable tolling. *See Canales*, 936 F.2d at 756. Further, although the ALJ found the plaintiff's memory loss condition a non-severe impairment based on the evidence available to him at the time of his decision in February 2024, in her response to the motion to dismiss, the plaintiff describes medical testing completed in February 2025 that substantiates her claims regarding her memory loss condition. (Doc. No. 17-1 at 1-2). Thus, construing the plaintiff's claims liberally, the plaintiff has sufficiently alleged that a mental impairment may have caused her failure to comply with the 60-day deadline.

Therefore, the Court will hold an evidentiary hearing to determine whether the plaintiff was incapacitated due to her mental impairment during the 60-day period and whether she exercised reasonable diligence to warrant equitable tolling.

### IV.     **CONCLUSION**

For the reasons stated above, the Court schedules an evidentiary hearing on **May 8, 2025 at 12:00 PM**. The plaintiff should be prepared to testify under oath regarding (1) how and when she filed her Complaint with the Clerk's Office; (2) her efforts to file her Complaint within the 60-day deadline; and (3) the extent to which a mental impairment impacted her ability to timely file her Complaint.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, on this 18th day of April 2025.

                                                                  /s/ Robert M. Spector, U.S.M.J.
                                                                  Robert M. Spector
                                                                  United States Magistrate Judge